```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                            Case No.: 8:19-cr-316-VMC-CPT

PEDRO BOLIVAR QUIJIJE ANCHUNDIA

_____/

### ORDER

This cause comes before the Court pursuant to Defendant Pedro Bolivar Quijije Anchundia's pro se Motion for sentence reduction (Doc. # 137), filed on March 21, 2022. The United States of America responded on April 1, 2022. (Doc. # 139). For the reasons set forth below, the Motion is denied without prejudice.

### I.  Background

In April 2020, this Court sentenced Quijije Anchundia to 97 months' imprisonment after he pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. (Doc. # 113). Quijije Anchundia, who is 37 years old, is scheduled to be released in June 2026.[1]

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

1

In the Motion, Quijije Anchundia seeks a sentence reduction for earned time credits under the First Step Act. (Doc. # 139 at 1). The United States has responded to Quijije Anchundia's Motion (Doc. # 139), and the Motion is now ripe for review.

## II. Discussion

In general, courts may only modify a term of imprisonment in limited circumstances, as outlined by 18 U.S.C. § 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant **after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier**, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The United States argues that the Motion should be denied because Quijije Anchundia has not received a final administrative decision regarding his motion for a sentence reduction, and has therefore failed to demonstrate that he

2

has exhausted his administrative remedies, as required by the statute. (Doc. # 139 at 1-2). The Court agrees.

Quijije Anchundia' Motion does not indicate that he has sought any administrative relief prior to filing the instant motion. Under these circumstances, Quijije Anchundia has not met his burden of demonstrating that he has exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). See United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).

For this reason, therefore, Quijije Anchundia's Motion, in so far as he seeks a sentence reduction under Section 3582(c)(1)(A), must be denied without prejudice. See, e.g., United States v. Kranz, No. 2:18-cr-14016, 2020 WL 2559551, at *3 (S.D. Fla. May 20, 2020) (denying a Section 3582(c)(1)(A) motion for failure to exhaust administrative remedied without prejudice, writing that "[t]he BOP should be given the first opportunity to respond to [defendant's] request for a sentence reduction").

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Pedro Bolivar Quijije Anchundia's pro se Motion for Reduction in Sentence (Doc. # 137) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>4th</u> day of April, 2022.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE